UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:09CV00042 ERW |
| ) | |
| BROOKE KURTH, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Michael Dorsey's Motion for Summary Judgment [doc. #41] and Defendant Brooke Kurth's Motion for Summary Judgment [doc. #45].

**I.   BACKGROUND FACTS[1]**

This litigation under 42 U.S.C. § 1983 arises out of a Social Security disability benefits claim that Plaintiff Michael Dorsey ("Plaintiff") was litigating in November 2008, while incarcerated at Northeast Correctional Center ("NECC") in Bowling Green, Missouri. Plaintiff contends that Defendant Brooke Kurth ("Defendant"), an NECC Corrections Caseworker, violated his constitutional rights by interfering with his prosecution of that matter and with his attempts to communicate with his attorney.

On November 12, 2008, Defendant arranged for Plaintiff to speak with his attorney by telephone in the Classification Office of Housing Unit 8 at NECC, in order to discuss Plaintiff's upcoming hearing on his disability claim, scheduled for November 14. During that conversation, Defendant remained in the office, seated ten to twenty feet from Plaintiff. Plaintiff alleges that

---

[1] The Court's recitation of the facts is taken from Defendant's Statement of Undisputed Material Facts [doc. #46-1], Plaintiff's Statement of Undisputed Material Facts [doc. #53], and the parties' responses to those filings.

Defendant listened in on his conversation, which Defendant denies, but it is undisputed that Plaintiff was permitted to speak with his attorney for as long as necessary and that Defendant was not actually on the phone line during the discussion.

Then, on November 14, Plaintiff participated in the actual hearing on his disability claim – conducted by telephone due to his incarceration – and Defendant was again responsible for setting up the call. As on November 12, Defendant remained in the office but was not on the phone line with the involved parties, and he did not interfere with Plaintiff's participation in the hearing. During the course of that hearing, however, Defendant contacted the hearing office, indicating that he was observing Defendant and listening to his testimony.[2] Hearing office staff recorded Defendant's subsequent statement in a Report of Contact form, as follows:

> The claimant was testifying by telephone from the jail/prison and his case worker was nearby watching and listening. The case worker called this office during the hearing, during the claimant's testimony to let us know that the claimant was not being truthful. . . . .
> Mr. Kurth states the claimant was telling the judge he cannot use his left hand, but that is not true. The claimant is even holding the phone in his left hand during this hearing.
> Mr. Kurth says claimant almost never uses his cane around the prison. Maybe once a month he sees him with a cane.
> Mr. Dorsey has a prison job, he works on the grounds keeping crew!
> The claimants [sic] file contains no medical restrictions except he must sleep on the bottom bunk.

After the hearing, the office notified Plaintiff and his attorney of Defendant's report, and they responded that Defendant's statement should be excluded from the record because it was irrelevant and without foundation.

---

[2] In response to Plaintiff's Statement of Undisputed Material Facts, Defendant contends that the issues of whether Defendant listened to Plaintiff's testimony during the November 14 hearing and subsequently contacted the hearing office are in dispute, citing to an affidavit from Defendant. Defendant does not deny those matters in his affidavit, however; he merely states that he was not on the phone line during the hearing, which is undisputed.

In the decision on Plaintiff's disability claim, the administrative law judge concluded that Defendant, as Plaintiff's case worker, was a competent source of evidence pursuant to 20 C.F.R. § 416.912(b)(4),[3] but that the report would not be given controlling weight because Defendant was not a treating physician or an "acceptable medical source," as defined in the applicable regulations. The judge recognized that Defendant's statement concerning Plaintiff's medical restrictions was inconsistent with a "Medical Lay-In Form" provided by Plaintiff and dated September 4, 2008, stating Plaintiff's "duty status" as "flat camp, no stairs, bottom bunk" and his "lay-in restrictions" as "cane," "elevator pass," "no repetitive bending, stooping, squatting," "no stairs," and "requires lower bunk." The administrative law judge found, however, that this document merely represented a one-time assessment of Plaintiff by an individual who may or may not be "an acceptable medical source," as opposed to a finding based on an ongoing treatment relationship with a physician, and that it also imposed restrictions that were inconsistent with an examining physician's objective medical findings about Plaintiff's condition from an examination conducted in March 2007. In response to Plaintiff's objections to Defendant's statement, the judge also noted that a disability claimant is not entitled to cross-examine or question third parties who provide such statements, and that although subsequent communications advised Plaintiff and his attorney of their right to request a supplemental hearing, they declined to do so. Plaintiff's disability claim was ultimately denied because he

---

[3] The regulation states that evidence from "other sources," as described in 20 C.F.R. § 416.913(d), is admissible in disability proceedings, and that latter regulation provides a non-exclusive list of such sources including, among other specific categories not relevant here, "[p]ublic and private social welfare agency personnel" as well as "[o]ther non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy)."

failed to make the requisite showing that he was disabled, with "great weight" given to the March 2007 physician's examination of Plaintiff through the Missouri Division of Family Services.

Through established inmate grievance procedures, Plaintiff then filed an Informal Resolution Request against Defendant, alleging that Defendant had improperly interfered with his "federal court case" and gave false testimony in his report to the hearing office staff. Defendant responded, somewhat disingenuously, that his only contact with Plaintiff had been in setting up the phone calls, and that he had not had any involvement in any federal court cases involving Plaintiff. While both of these statements may technically be accurate – given that Plaintiff's allegations were not based on any contact between Plaintiff and Defendant, and because the disability hearing was not a federal court proceeding *per se* – it is apparent from the IRR form, and from the records provided of subsequent grievances and appeals of denials of grievances filed by Plaintiff against Defendant, that Defendant has repeatedly denied, or refused to acknowledge, that he contacted the hearing office during Plaintiff's disability hearing.

Based on these events, Plaintiff filed this single-count suit under 42 U.S.C. § 1983 against Defendant for violations of his civil rights and breach of fiduciary duty, alleging that Defendant's "actions and abuse of state power was [sic] wrong, illegal, unethical, served no legitimate penological purpose, constituted cruel and unusual punishment, a breach of fiduciary duty, a failure to protect, a state created danger, violated clearly established law, statutes, codes, regulations, customs and usages and further violated [his] rights under the Civil Rights Act[s] of 1874, 1964, and 2000, and the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. In its Memorandum and Order dated September 3, 2009 [doc. #5], the Court concluded that Plaintiff's allegations survived initial review under 28 U.S.C. § 1915(e)(2), which provides that courts may dismiss a complaint filed *in forma pauperis* if the

action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. If the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23.

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish "the non-existence of any genuine issue of fact that is material to a judgment in his favor." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden shifts to the non-moving party to set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson*, 477 U.S. at 250; Fed. R. Civ. P. 56(e)(2). When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but, by affidavit and other evidence, must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e); *Stone Motor Co. v. Gen. Motors Corp.*, 293 F.3d 456, 465 (8th Cir. 2002). To meet its burden and survive summary

judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must show there is sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for it. *Anderson*, 477 U.S. at 249; *Celotex*, 477 U.S. at 334. "If the non-moving party fails to produce such evidence, summary judgment is proper." *Olson v. Pennzoil Co.*, 943 F.2d 881, 883 (8th Cir. 1991).

In ruling on a motion for summary judgment, the Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The Court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

## III. DISCUSSION

Construing Plaintiff's *pro se* pleadings liberally, *see Johnson v. Arden*, 614 F.3d 785, 798 (8th Cir. 2010), the Court finds that he ultimately presents two factually distinct constitutional claims: (1) that Defendant violated his constitutional rights by interfering with privileged communications between Plaintiff and his attorney during their November 12, 2008 telephone conversation; and (2) that Defendant violated his constitutional rights by providing false testimony in connection with his subsequent November 14, 2008 disability hearing.[4] The Court considers these claims in turn.

---

[4] In addition, Plaintiff alleges that Defendant's conduct constituted a breach of fiduciary duty, but claims arising purely under state law are not cognizable under 42 U.S.C. § 1983. *See Taylor v. Denniston*, 111 Fed. App'x 864, at *1 (8th Cir. 2004) (internal citations omitted).

## A. Interference with Privileged Attorney-Client Communications

Defendant contends that he is entitled to summary judgment on this claim because the undisputed facts demonstrate that he never interfered with Plaintiff's privileged conversations with counsel. Plaintiff asserts that the extent of Defendant's interference is a disputed factual issue.

At the outset, the Court notes that the constitutional basis for this claim is somewhat unclear. For purposes of the parties' Motions, however, the Court is willing to concede the possibility that a state prison official's interference with a state prisoner's attorney-client communications concerning pending litigation unrelated to his incarceration could implicate Fourteenth Amendment due process. *Cf. United States v. Irwin*, 612 F.2d 1182, 1185 (9th Cir. 1980) (government interference with criminal defendant's communications with counsel may give rise to Fifth Amendment due process claim). The Court will also bypass the admittedly substantial question as to whether Plaintiff's communications to his attorney in Defendant's presence would be privileged in the first instance, notwithstanding any assurances Defendant might have given that he would preserve the confidentiality of their conversation. *See Sherbrooke v. City of Pelican Rapids*, 513 F.3d 809, 815 (8th Cir. 2008) (following arrest, detainee's call to attorney while in the presence of police officers was not privileged because it was conducted knowingly in their presence).

Leaving those issues aside, Defendant is nevertheless entitled to summary judgment here because there is no support in the record for Plaintiff's underlying factual allegation that Defendant interfered with privileged communications. It is undisputed that Plaintiff was able to talk to his attorney for as long as necessary during the November 12 conversation. Other than being present in the room during the call, Defendant did not take any actions directed at Plaintiff

7

that hampered his ability to communicate with counsel. Furthermore, there is no evidence – or anything beyond a conclusory allegation, for that matter – that Defendant learned any specific privileged information from this conversation that he later used to Plaintiff's detriment. As such, Defendant is entitled to judgment as a matter of law on this claim because the undisputed facts refute Plaintiff's factual allegation that Defendant interfered with his communications with counsel.

### B. Providing False Testimony in Connection with the Disability Hearing

Defendant argues that this claim is properly characterized as one of denial of access to the courts, and that summary judgment in his favor is proper because Plaintiff's disability claim is not one of the types of underlying claims for which a prisoner can contend that he was unconstitutionally denied access to the courts. Plaintiff contends that any restriction on the type of underlying claim is inapplicable here because his disability claim was pending before he was incarcerated, and that his allegations demonstrate that this claim is not solely based on a denial of access to the courts.

The Court agrees with Defendant that Plaintiff cannot assert a claim for denial of access to the courts based on Defendant's alleged interference with his disability claim. In *Bounds v. Smith*, the Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." 430 U.S. 817, 828 (1977). In order to have a cognizable injury for standing purposes, however, a prisoner claiming denial of access to the courts must show that the allegedly frustrated claim was (1) a direct appeal of the conviction for which he was incarcerated; (2) a petition for writ of habeas corpus, or (3) an action under 42 U.S.C. § 1983 "to vindicate

basic constitutional rights." *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (internal quotations and citation omitted); *see also Hawkins v. Byrd*, 2008 WL 4643081, at *3 (E.D. Ark. 2008). "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis*, 518 U.S. at 355 (emphasis in original). Applying these principles to the present case, Plaintiff's pursuit of his disability claim was clearly a "litigating capacity" unrelated to his underlying conviction, a habeas corpus petition, or a § 1983 action, and as such, Defendant is entitled to judgment as a matter of law on Plaintiff's denial of access claim.

Furthermore, to the extent Plaintiff argues that this is not simply a claim of denial of access to the courts – without, it must be noted, identifying what constitutional right is then at issue – the Court still finds that Defendant is entitled to summary judgment. Even if the Court were to accept (1) that *Lewis* does not bar this constitutional claim; (2) that Defendant did provide false testimony to the Social Security hearing office; and (3) that Plaintiff's federal constitutional rights were implicated by Defendant giving that testimony in connection with a federal agency proceeding unrelated to Plaintiff's incarceration, Plaintiff has still failed to make the requisite showing for standing purposes that the alleged constitutional violation caused his claimed injury – the denial of his disability claim. *See Lewis*, 518 U.S. 343, 349 ("It is the role of courts to provide relief to claimants . . . who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution."). It is apparent from the administrative law judge's opinion that the denial of Plaintiff's disability claim was based on objective medical and vocational evidence concerning Plaintiff's condition, and not on the statement provided by Defendant. Furthermore, although Defendant may have given

inaccurate or misleading information about Plaintiff's medical restrictions, the judge was aware of the true nature of those restrictions, and expressly concluded that they should be given little weight because they were based on a one-time assessment of Plaintiff and were inconsistent with the physician's evaluation of his condition. In short, the administrative law judge's opinion clearly demonstrates that Defendant's report to the hearing office did not result in the denial of Plaintiff's claim, but that it was instead based on a thorough medical and vocational assessment of Plaintiff's condition.

As such, the Court concludes that Defendant is entitled to summary judgment on Plaintiff's claim arising out of Defendant's November 14 report to the hearing office, because the uncontroverted facts demonstrate that Plaintiff's disability claim is not the type of claim for which an inmate can claim that he was unconstitutionally denied access to the courts, and also because Plaintiff has failed to show that he suffered an injury as a result of the claimed constitutional violation.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment will be granted, and Plaintiff's Motion will be denied. The uncontroverted facts establish that Defendant did not interfere with any attorney-client communications between Plaintiff and his attorney, and Defendant is therefore entitled to judgment as a matter of law on any § 1983 claim based on those allegations. With respect to Plaintiff's allegations that Defendant gave false testimony to the Social Security hearing office in connection with Plaintiff's disability claim, Defendant is entitled to summary judgment because a constitutional claim for denial of access to the courts cannot be based on such an underlying claim, and also because there is no evidence in the record that Plaintiff suffered any injury as a result of Defendant's actions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [doc. #41] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [doc. #45] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel [doc. #72] is **DENIED, as moot**.

Dated this 5th Day of January, 2011.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE